IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES *ex rel.* HEATHCOTE )
HOLDINGS CORP, INC. )
 )
     Plaintiff, ) Civil Action No.: 11 C 526
 )
  v. ) Suzanne B. Conlon, Judge
 )
HELEN OF TROY, LTD. and OXO )
INTERNATIONAL, LTD., )
 )
     Defendants. )

## MEMORANDUM OPINION AND ORDER

Heathcote Holdings Corp, Inc. filed a *qui tam* relator complaint on behalf of the United

States against OXO International, Ltd. and its parent company, Helen of Troy, Ltd., for alleged

violations of the patent false marking statute, 35 U.S.C. § 292. In its 55-count second amended

complaint, Heathcote identifies dozens of OXO-brand kitchenware items allegedly marked with

invalid or expired patent numbers. Helen of Troy and OXO move to dismiss for failure to state a

claim under the heightened pleading standards of Federal Rule of Civil Procedure 9(b).

Defendants also contend § 292 violates the constitution's take care clause.

### I. Background

In 1990, U.S. Patent No. 4,974,286 was issued for a specially designed, ergomonic handle

for kitchen utensils. 2d Am. Compl., Ex. A. It was reissued twice, first as RE 34,194, then as

RE 37,190. *Id.* at Exs. B, C. The patent expired on March 26, 2010. *Id.* ¶ 4. Yet, Heathcote

identifies several products purchased in January 2011 marked with RE 34,194 or RE 37,190. *Id.*,

Counts 1–8, 20–31 (RE 34,194), Counts 9–19, 32–36 (RE 37,190), Counts 43–55 (reserved,

based on either RE 34,194 or RE 37,190). Additionally, Heathcote identifies boxed sets of utensils marked with RE 37,190, even though not all of the utensils included in each set are covered by the patent. *Id.,* Counts 34–35.

U.S. Patent No. 6,654,284 was issued in 2003 for a liquid measuring cup that allows the user to read the amount of liquid in the cup from the top instead of on the side. It was later reissued as RE 39,827. 2d Am. Compl. ¶¶ 27, 29. Heathcote identifies several measuring cups purchased after the reissue marked with No. 6,543,284. *Id.*, Counts 37–42.

## II. Analysis

The false marking statute prohibits the deceptive use of a patent number on an unpatented article. 35 U.S.C. § 292. Heathcote must allege defendants (1) marked an unpatented article (2) with the intent to deceive the public. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). At issue here is what Heathcote must plead in order to sufficiently allege defendants had the requisite intent to deceive.

The heightened pleading standards of Rule 9(b) apply to false marking actions. *In re BP Lubricants USA Inc.*, Misc. No. 960, 2011 WL 873147, at *1 (Fed. Cir. Mar. 15, 2011). Although Rule 9(b) allows intent to be alleged generally, Heathcote must support general allegations with "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind" and was not merely negligent. *Id.* at *3 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)). If Heathcote does not have information specifically bearing on defendants' intent, intent may be inferred from "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity." *Id.* (quoting *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

2

Knowledge cannot be shown merely by alleging defendant "is a sophisticated company and has experience applying for, obtaining, and litigating patents." *Id.* at *1. However, knowledge of the patent's invalidity could be inferred from facts that "defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration." *Id.* at *4. Therefore, Heathcote may show a sufficient basis for knowledge through a company's behavior at or around the time a patent expires or becomes invalid. However, a single, post-expiration package revision, without more, does not establish intent to deceive. *Hollander v. B. Braun Medical, Inc.*, No. 10–835, 2011 WL 1376263, at *3–4 (E.D. Pa. Apr. 12, 2011) (McLaughlin, J.); *Hollander v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 10-00836, 2011 WL 1288676, at *5 (E.D. Pa. Apr. 5, 2011) (Buckwalter, J.) (collecting cases).

It is necessary to determine when each patent number became invalid and examine the allegations concerning defendants' behavior around that date to decide whether defendants can be charged with knowledge of the invalidity. However, Heathcote's second amended complaint is plainly insufficient in this respect and contains blatant legal errors that violate Federal Rule of Civil Procedure 11(b)(2).

Heathcote bases several allegations on the assumption that a patent number becomes invalid once a reissue application is submitted. 2d Am. Compl. ¶¶ 2–3, 16, 21–23, 32–34, 44–45, 74, 76, 79–80, 88. Heathcote cites no authority for this point. Instead, he relies on language in the reissue applications for RE 34,194, RE 37,190, and RE 39,827 that declares the patent holder believes the prior patent "to be wholly or partly inoperative or invalid . . . ." *Id.* ¶¶ 20, 31, 43. Heathcote evinces a fundamental lack of understanding of the patent process. The reissue process allows a patentee to correct a patent "deemed wholly or partly inoperative or

3

invalid, by reason of a defective specification or drawing, or by reason of the patentee claiming more or less than he had a right to claim in the patent." 35 U.S.C. § 251. The language Heathcote relies on is *required* to be included in the oath or declaration accompanying the reissue application. *Id.*; 37 C.F.R. § 1.175. Inoperative in this context means "ineffective to protect the invention," *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 882 F.2d 1556, 1565 (Fed. Cir. 1989), and invalid may simply mean that a claim in the original patent is too broad, possibly encompassing prior art, *In re Handel*, 312 F.2d 943, 945 n.2 (C.C.P.A. 1963). The reissue declaration is not an admission that the invention is unpatented. Moreover, Heathcote's assertion is flatly contradicted by the terms of the reissue statute: "The surrender of the original patent shall take effect upon the *issue* of the reissued patent. . . ." 35 U.S.C. § 252 (emphasis added); *see* 37 C.F.R. § 1.178(a) ("Until a reissue application is *granted*, the original patent shall remain in effect." (emphasis added)).

### III. Conclusion

Rule 11(b) requires an attorney to conduct a reasonable inquiry into the legal contentions presented in a court filing. The legal errors identified above permeate the second amended complaint and Heathcote's response in opposition to the motion to dismiss. The errors make it difficult for the court to assess whether defendants can properly be charged with notice of each patent number's invalidity. Therefore, the second amended complaint is dismissed without prejudice. It is unnecessary to reach the constitutional issue.

ENTER:

Suzanne B. Conlon
United States District Judge

April 18, 2011